UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BONILLA CASTANEDA,<br><br>Plaintiff,<br><br>v.<br><br>SHERMAN, *et al.*,<br><br>Defendants. | Case No. 1:16-cv-01562-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 56, 65) |

Plaintiff Jesus Bonilla Castaneda, a paraplegic state prisoner, brought this civil rights action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against seventeen prison officers for violations of his First and Eighth Amendment rights and the Americans with Disabilities Act. According to the allegations of the operative first amended complaint, plaintiff was pressured by defendants to bear false witness against his cellmate for supposedly attacking a correctional officer; then prison officers intentionally placed him with a assaultive cellmate and transferred him to a prison where he would be "seriously hurt or killed" in retaliation for reporting assaults; and that prison staff damaged his wheelchair but refused to repair it because it reportedly was "too expensive" to do so. (Doc. No. 13 at 4-13.)

Before filing a suit, "[t]he PLRA mandates that inmates exhaust all available administrative remedies before filing any suit challenging prison conditions, including, but not limited to, suits under § 1983." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (internal

1 quotation marks omitted). Accordingly, defendants Sherman, Hacker, Acebedo, Collins, Pfeiffer, Peterson, and Williams, have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this suit as is required. (Doc. No. 56.) Plaintiff has filed an opposition to the motion for summary judgment, and moving defendants have replied. (Doc. Nos. 60-62.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, this matter was referred to a United States magistrate judge.

The assigned magistrate judge considered the parties' papers and, on January 13, 2020, issued findings and recommendations, recommending that the defendants' motion be granted in part and denied in part. (Doc. No. 65 at 1.) Specifically, the magistrate judge recommended that defendants Hacker and Sherman be dismissed from this action due to plaintiff's failure to first exhaust his claims against them, but that plaintiff's claims against Acebedo, Collins, Peterson, Pfeiffer, and Williams to proceed. (*Id.* at 8-9, 11.) The findings and recommendations gave notice to the parties to file their objections within 21 days. (*Id.* at 11.) Moving defendants timely filed objections on February 3, 2020. (Doc. No. 66.) Plaintiff has not filed any objections to the pending findings and recommendations, and the time to do so has passed. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including moving defendants' objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

As explained in the findings and recommendations, whether the moving defendants had met their burden of showing that there was no genuine dispute of material fact turns on whether two inmate grievances plaintiff filed, appeal log nos. KVSP-16-00627 and KVSP-16-00822, had exhausted his administrative remedies. (Doc. Nos. 56-2 at 5-7; 65 at 3-4.) "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (footnote omitted). Even though plaintiff had successfully brought his two inmate grievances to the final level of review, moving defendants contend that those inmate grievances failed to satisfy the applicable procedural rules. (Doc. Nos. 56-2 at 11-13.)

2

|     |     |
| --- | --- |
| 1   | Turning first to the magistrate judge's analysis of the motion for summary judgment as to |
| 2   | defendants Hacker and Sherman, the undersigned agrees that "[n]either of the two relevant |
| 3   | grievances that Plaintiff exhausted (KVSP-16-00627 and KVSP-16-00822) name Hacker or |
| 4   | Sherman, nor provide[d] any information that would assist an appeals coordinator in attempting |
| 5   | to identify them." (Doc. No. 65 at 9) (citing Spaich Decl.; Exs. C, D; Doc. No. 56-4 at 41, 55, |
| 6   | 57.) Neither plaintiff nor moving defendants object to this finding. (Doc. No. 66.) Thus, no |
| 7   | further discussion is required on this issue since the undersigned also agrees with the magistrate |
| 8   | judge's analysis as to the pending motion with respect to defendants Hacker and Sherman. |

Turning first to the magistrate judge's analysis of the motion for summary judgment as to defendants Hacker and Sherman, the undersigned agrees that "[n]either of the two relevant grievances that Plaintiff exhausted (KVSP-16-00627 and KVSP-16-00822) name Hacker or Sherman, nor provide[d] any information that would assist an appeals coordinator in attempting to identify them." (Doc. No. 65 at 9) (citing Spaich Decl.; Exs. C, D; Doc. No. 56-4 at 41, 55, 57.) Neither plaintiff nor moving defendants object to this finding. (Doc. No. 66.) Thus, no further discussion is required on this issue since the undersigned also agrees with the magistrate judge's analysis as to the pending motion with respect to defendants Hacker and Sherman.

Moving defendants' objections to the findings and recommendations are instead directed at the findings as to defendants Acebedo, Collins, Peterson, Pfeiffer, and Williams. (*Id.* at 2-6.) The magistrate judge's analysis as to the motion as it relates to these five defendants is appropriately based upon the Ninth Circuit's decision in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), which is binding on this court.[1] (Doc. No. 65 at 6-9.) As explained below, the undersigned concludes that defendants' objections are premised on their misinterpretation of that decision.

The defendant physicians in *Reyes* sought summary judgment on the basis that the plaintiff's "suit is barred under the PLRA exhaustion requirement because his grievance failed to alert[ ] the prison to the nature of the wrong for which redress is sought and provide sufficient information to allow prison officials to take appropriate responsive measures." *Id.* at 658 (internal quotation marks and citation omitted). The question presented on appeal was whether the plaintiff had "failed to exhaust administrative remedies because his grievance did not name all staff members involved in his case," to which the Ninth Circuit answered with a qualified "no." *Id.* at 657, 659. Notwithstanding the plaintiff's failure to specify the physicians by name in his inmate grievance as required by the applicable procedural rules, the Ninth Circuit concluded in *Reyes* that the prison "plainly knew" that the two physicians were on the pain management committee, whose recommendation the prison officials relied on in denying the plaintiff's inmate

---

[1] *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) (district courts have no "authority to ignore circuit court precedent").

3

grievance on the merits at each level of review. *Id.* at 656, 659. The Ninth Circuit further reasoned that:

> When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed. Dismissing the inmate's claim for failure to exhaust under these circumstances does not advance the statutory goal of avoiding unnecessary interference in prison administration. Rather, it prevents the courts from considering a claim that has already been fully vetted within the prison system.

*Id.* at 658.

In their objections defendants essentially reassert the arguments presented in their motion and reply. In this regard, defendants argue that "[p]laintiff failed to exhaust his claims" against Collins, Peterson, Williams, and Pfeiffer "because his grievance actually did not comply with *all* applicable CDCR regulations." (Doc. No. 66 at 2-3) (emphasis in original.) Reading the decision in *Reyes* out of context, defendants contend that plaintiff's failure to formally and precisely follow the CDCR regulations deprived them of notice and opportunity to address plaintiff's inmate grievances. (Doc. No. 66 at 6.) For instance, they contend that plaintiff's KVSP-16-00627 inmate grievance misidentified defendants Collins, Peterson, and Williams as working for Kern Valley Prison (when they were employed by the California Substance Abuse Treatment Facility) and that plaintiff had another inmate grievance against Collins and Peterson. (*Id.*) What is dispositive under the decision in *Reyes*, however, is whether the prison officials decided the fully exhausted inmate grievance on the merits despite any procedural defects or did they deny the inmate grievance on the basis of the procedural defect. *See Reyes*, 810 F.3d at 658. As the pending findings and recommendations accurately explain, here plaintiff's KVSP-16-00627 inmate grievance specifically identified defendants Collins, Peterson, Acebedo, and Williams and set forth how they were involved in the supposed effort to place plaintiff in a greater danger. (Doc. No. 65 at 3, 6-9.) As the Ninth Circuit in *Reyes* has instructed, the state's interest in administrative exhaustion has been served where "[p]rison officials have had the opportunity to address the grievance and correct their own errors and an administrative record has been

4

developed. the onus is on prison officials to enforce any applicable procedural rules and to "correct their own errors" as well as the administrative record. *Reyes*, 810 F.3d at 657.[2] Here, prison official chose not to enforce the applicable procedural rules and, instead, decided plaintiff's inmate grievance KVSP-16-00627 on its merits. (Doc. Nos. 56-4, Ex. D; 65 at 7-9); *see also* Doc. No. 56-4, Ex. D at 58. Thus, the magistrate judge rightly held that plaintiff here had properly exhausted his administrative remedies as to Collins, Peterson, Acabedo,[3] and Williams.

Whether plaintiff exhausted his administrative remedies with respect to his claim against defendant Pfeiffer is more obscure. Defendants concede that Pfeiffer is the head of the classification committee before which plaintiff appeared on January 21, 2016. (Doc. No. 56-2 at 3.) Plaintiff's KVSP-16-00627 inmate grievance misidentified Pfeiffer as the "associate warden," though plaintiff plainly stated therein that "these individuals" on the January 21, 2016 committee "conspired to have me stabbed or killed by placing me back on A yard," and that they knew he "was going to be hurt or killed but intentionally ignored [his] safety concerns in order to carry out the threat issued by [Collins]." (Doc. No. 56-4, Ex. D at 57) (alteration in original); *see also id.* at 58 (plaintiff suggesting that he could not identify the people on the January 21, 2016 committee). As in *Reyes*, plaintiff here specified that the classification committee, whose members were not identified, was involved in the alleged wrongdoing against him. Despite plaintiff's failure to identify the committee members by name, prison officials decided plaintiff's KVSP-16-00627 inmate grievance on its merits. Again, under the decision in *Reyes* the state's interest in administrative exhaustion was therefore satisfied and the conclusion reached in the findings and

/////

/////

---

[2] As the Ninth Circuit also observed, "The grievance process is only required to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" *Reyes,* 810 F.3d at 659 (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007).

[3] As the magistrate judge correctly pointed out, defendants concede that plaintiff exhausted his administrative remedies with respect to his claim against defendant Acebedo. (Doc. No. 65 at 6) (citing Doc. No. 56-3 at ¶ 16.)

5

recommendations that plaintiff had exhausted his administrative remedies before filing his suit against defendant Pfeiffer will be adopted.[4]

For the reasons explained above:

1. The findings and recommendations signed on January 13, 2020 (Doc. No. 65) are adopted in full;
2. Defendants' motion for summary judgment (Doc. No. 56) is granted in part and denied in part;
3. Defendants Hacker and Sherman are dismissed from this action;
4. This case shall proceed on plaintiff's operative claims against defendants Acebedo, Collins, Peterson, Pfeiffer, and Williams; and
5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 17, 2020**

_/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

---

[4] In support of their objections, defendants also cite to two unpublished Ninth Circuit opinions, neither of which dissuades the court from adopting the pending findings and recommendations. (Doc. No. 66 at 6.) In the first case, *Wilson v. Zubiate*, 718 F. App'x 479, 481 (9th Cir. 2017), "[t]he district court found that [the plaintiff] did not fully exhaust administrative remedies under the [PLRA] because, although he pursued three levels of administrative review, [the plaintiff] failed to appeal CDCR's decision to cancel his appeal for lack of jurisdiction," and the Ninth Circuit affirmed. *Wilson*, 718 F. App'x at 481–82. Unlike plaintiff's KVSP-16-00627 inmate grievance here which was decided on the merits, the CDCR's administrative decision in *Wilson* was premised on a procedural defect, namely a lack of jurisdiction. *Id.* at 481 (rejecting "Wilson's argument that CDCR's cancellation decision at the third level of review constituted a decision on the merits"). Thus, *Wilson* is completely consistent with the analysis adopted by this order. In the second case, *Cruz v. Betancourt*, 771 F. App'x 826 (9th Cir. 2019), the Ninth Circuit affirmed the district court's ruling that there was no violation of the Eighth Amendment based on the evidence before the court—there simply was no administrative exhaustion at issue. Thus, the decision in *Cruz* has no relevance to the administrative exhaustion issue presented here.