UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BONILLA CASTANEDA,<br><br>Plaintiff,<br><br>v.<br><br>ACEBEDO, et al.,<br><br>Defendants. | Case No. 1:16-cv-01562-NONE-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER** *NUNC PRO TUNC*<br><br>(Doc. 70)<br><br>Dispositive Motion Deadline: July 17, 2020 |

On December 18, 2019, Defendants filed a motion to extend the pretrial dispositive motion deadline until after the Court ruled on their then-pending, exhaustion-based motion for summary judgment. (Doc. 63.) On December 23, 2019, the Court granted Defendants' motion and vacated the dispositive motion deadline. (Doc. 64.) On March 17, 2020, District Judge Dale A. Drozd adopted the undersigned's findings and recommendations (Doc. 65), granting in part and denying in part Defendants' exhaustion-based motion for summary judgment. (Doc. 68.) On March 19, 2020, the Court reset the dispositive motion deadline to April 30, 2020. (Doc. 69.)

On May 14, 2020, Defendants filed a motion to modify the Court's discovery and scheduling order *nunc pro tunc* to extend the dispositive motion deadline. (Doc. 70.) On May 15, 2020, the Court directed Plaintiff to respond to Defendants' motion. (Doc. 71.) Plaintiff filed an opposition on June 8, 2020. (Doc. 72.) Defendants filed a reply thereto on June 15, 2020. (Doc. 73.) The motion is deemed submitted. *See* Local Rule 230(l).

## I. LEGAL STANDARD

A scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, courts "primarily consider[] the diligence of the party" requesting the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

## II. DISCUSSION

Defense counsel declares that, on March 15, 2020, the California Attorney General issued a memorandum directing all deputy attorney generals and support staff to work from home. (Doc. 70-1 at 6.) On March 17, 2020, the deputies lost remote access to the Department of Justice's computer systems due to technical problems; defense counsel's access was not restored until April 7, 2020. (*Id.*) Counsel states that, after his remote access was restored, he had to draft responses, oppositions, a motion for summary judgment, and an appellate answering brief in several other matters between April 7 and May 11, 2020. (*Id.*) Counsel declares that, because of the loss of remote access, and his workload following the restoration of remote access, he failed to note the dispositive motion deadline in this matter until May 12, 2020. (*Id.*)

Plaintiff contends that defense counsel has failed to show due diligence because (1) he could have accessed the Department of Justice's servers from his office, and (2) the Court's orders are publicly available. (*See* Doc. 72 at 4-5.)  Plaintiff further states that he would be prejudiced if the Court grants Defendants' request, since he plans to file a petition for a writ of mandate in another matter, and "he will be unable to handle both" the petition and a motion for summary judgment in this case. (*Id.* at 5-6.)

In response, Defendants state that, when the Court reset the dispositive motion deadline, "defense counsel had already been instructed to not come into the office to prevent the spread of

COVID-19," and "counsel had already lost remote access to the case file." (Doc. 73 at 4.) Defendants also state that they would "not oppose any reasonable extensions of time that Plaintiff may need to prepare an opposition to their motion for summary judgment." (*Id.*)

The Court finds good cause to grant Defendants' request. Defendants have shown diligence in moving this matter forward. Defendants participated in a settlement conference on June 6, 2019, (Doc. 54), and filed an exhaustion-based motion for summary judgment on August 29, 2019 (Doc. 56). While their motion was pending before the Court, Defendants requested that the dispositive motion deadline be extended until after the Court ruled on the motion, which the Court granted. (Docs. 63, 64.)

The COVID-19 pandemic and resulting work-from-home directives and shelter-in-place orders could not have been reasonably foreseen by Defendants, nor could the loss of remote access to the Department of Justice's servers and defense counsel's resulting backlog of work. Defendants filed the present motion two days after defense counsel learned of the current deadline.

The Court does not find that Plaintiff would be prejudiced if it grants the present motion. If Plaintiff were to require an extension of time to file an opposition to Defendants' anticipated motion for summary judgment, the Court would grant the extension, as long as it is reasonable and good cause exists.

### III.     CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' motion to modify the discovery and scheduling order *nunc pro tunc*. The pretrial dispositive motion deadline is extended to July 17, 2020. All other deadlines remain in effect.

IT IS SO ORDERED.

Dated:   **June 17, 2020**                             /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

3