UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BONILLA CASTANEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERMAN, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01562-JLT-SKO (PC)<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 92) |

     In his first amended complaint, the plaintiff proceeds on a claim of deliberate indifference to serious risk of harm under the Eighth Amendment. (*See* Docs. 13 & 20.) The assigned magistrate judge issued findings and recommendations to deny Defendants' motion for summary judgment. (Doc. 92.) Following an extension of time, Defendants timely filed their objections. (Doc. 97.)

     According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Defendants' objections, the Court ADOPTS in part and DECLINES to adopt in part the findings and recommendations. Defendants did not object to the findings regarding a serious risk of harm and deliberate indifference as against Defendants Collins and Williams in August 2015 at SATF, nor regarding a serious risk of harm and deliberate indifference as against Defendants Acebedo and Pfeiffer at KVSP, and the Court adopts the magistrate judge's conclusions with respect to those claims. However, two

1  issues warrant additional consideration.

2  Defendants Acebedo, Collins, Pfeiffer, Peterson and Williams object to the magistrate
3  judge's findings on two bases, arguing that: (1) Defendants are entitled to summary judgment on
4  Plaintiff's claims for mental and emotional injuries because Plaintiff failed to demonstrate
5  physical injury; and (2) Defendant Peterson is entitled to summary judgment on Plaintiff's Eighth
6  Amendment deliberate indifference claim. (Doc. 97.)

7  **1.     Mental and Emotional Injuries**

8  Defendants contend they are entitled to summary judgment because the undisputed
9  evidence shows Plaintiff did not "experience any constitutionally significant physical injury
10 *resulting from Defendants' alleged conduct*." (Doc. 97 at 2, emphasis in original.) Defendants
11 argue Plaintiff admitted he was never physically attacked or injured following his meeting with
12 Collins and Williams and that the only injuries Plaintiff experienced were anxiety, depression,
13 PTSD, and suicidal ideation. (*Id*. at 2-3.) Defendants further contend Plaintiff admitted he was
14 never harmed at HDSP and that while at KVSP his cellmate never physically or sexually
15 assaulted him. (*Id*. at 3.) Defendants argue Plaintiff's medical records establish Plaintiff did not
16 experience any of the assaults Plaintiff alleged in his deposition because evidence of such assaults
17 would have been observed and documented by providers. (*Id*.) Defendants conclude that because
18 Plaintiff admitted he did not suffer any physical injuries due to Defendants' actions, and the
19 medical evidence does not establish Plaintiff suffered from any physical injury, Plaintiff cannot
20 recover any damages for his alleged mental and emotional injuries under the Prison Litigation
21 Reform Act (PLRA). (*Id*.)

22 Specifically, Defendants object to the magistrate judge's findings as crediting Plaintiff's
23 assertion he suffered physical injuries and the evidence cited for that finding. (Doc. 97 at 3-4.)
24 They contend the magistrate judge "did not correctly identify the relevant physical injury (or lack
25 thereof) at issue" in the case because Plaintiff's claim is not one that "Defendants acted with
26 deliberate indifference to any sexual assault that allegedly occurred between February and April
27 2014." (Id. at 4.) Rather, Defendants argue, the claim involves deliberate indifference "based on a
28 series of events that began in *August 2014*, significantly after the timeframe pointed to by

2

Plaintiff and the magistrate judge." (*Id*. at 4, emphasis in original.)[1] Defendants argue the proper determination requires a finding of "whether there is a genuine dispute of material fact regarding whether Plaintiff suffered any physical injury or sexual assault due to Defendants' conduct starting in August 2014" and because there is no evidence of any physical injury following Plaintiff's encounters with Defendants—during Plaintiff's prison transfers from SATF to HDSP to KVSP—they are entitled to summary judgment on Plaintiff's claim for damages based on his mental and emotional injuries. (*Id*. at 4-5.)

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); accord *Pierce v. County of Orange*, 526 F.3d 1190, 1123-24 (9th Cir. 2008). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. *Oliver*, 289 F.3d at 630.

A review of this record reveals there is some evidence that Plaintiff suffered a physical injury and/or sexual assault due to the SATF Defendants' conduct. In his deposition, Plaintiff testified that physical and sexual assaults occurred in "2013, 2014, 2015." *See* Transcript of Plaintiff's Deposition of 10/4/19, at 35-38. Plaintiff testified he was punched, kicked, slapped, choked, pushed and shoved, suffering concussions and bruising. *Id*. at 36, 67. Plaintiff also testified he told Defendant Williams "two or three weeks before the actual committee date" that the assaults were "happening at that time." *Id*. at 60. Plaintiff testified he advised Williams he was "currently being assaulted by [his] cellmate, and [Williams] did nothing to stop it." *Id*. at 65. Plaintiff also testified that before speaking to another correctional officer that ultimately led to his

---

[1] The Court notes Defendants refer to "August 2014" whereas the period in question during Plaintiff's deposition began in August 2015. *See* Transcript of Plaintiff's Deposition of 10/4/19, at 24 ("Do you remember or can you approximately recall what age Collins was in August of 2015?]") 25 ("Can you please describe how Collins looked in August of 2015?"), 26 ("So before your encounter with Collins [in] August 2015 …"), 28, 40, 53, 56 (could have been July 2015), 59. The Court further notes the Third Screening Order also references the relevant time period to be 2015 rather than 2014. (*See* Doc. 16 at 2.) The Court presumes Defendants' 2014 references to be typographical errors.

3

1    Ad Seg placement, about a week after the committee hearing, the last assault he'd experienced
2    was the "day before" he was placed in Ad Seg. *Id*. at 66, 77-78.² And, between the committee
3    hearing involving Hacker and Defendants Collins and Williams and Plaintiff's placement in Ad
4    Seg, Plaintiff testified he was sometimes assaulted several times a day, both physically and
5    sexually. *Id*. at 66-67.

6    Regarding a lack of medical records documenting any physical injury for the relevant
7    period, the Court notes Plaintiff testified that he did not seek medical care for the injuries he
8    sustained because to do so was, in essence, inviting more trouble. *See* Transcript of Plaintiff's
9    Deposition of 10/4/19, at 37, 67.

10   The Court finds Plaintiff's evidence is sufficient to raise a genuine dispute of material fact
11   that Plaintiff suffered a physical injury or sexual assault as a result of Defendants Collins and
12   Williams' alleged conduct. Therefore, Plaintiff's damages claim for mental and emotional injures
13   resulting from Defendants Collins and Williams's alleged conduct is not barred by 42 U.S.C. §
14   1997e(e).

15   However, the Court concludes Plaintiff has failed to raise a genuine dispute of material
16   fact that Plaintiff suffered any physical injury as a result of Peterson, Acebedo and Pfeiffer's
17   alleged conduct, whose involvement began after the alleged physical and sexual assaults. Thus,
18   Plaintiff's damages claim for mental and emotional injures resulting from Peterson, Acebedo and
19   Pfeiffer's alleged conduct is barred by 42 U.S.C. § 1997e(e).

20   However, "§ 1997e(e) applies only to claims for mental and emotional injury." *Oliver*,
21   289 F.3d at 629. Thus, "[t]o the extent that [Plaintiff's] claims for compensatory [and] nominal ...
22   damages are premised on alleged [Eighth] Amendment violations, and not on emotional or mental
23   distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not
24   barred." *Id*. at 630; *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000) (pro se complaints
25   should be liberally construed to request nominal damages where complaint fails to expressly
26   request them). To the extent that Plaintiff has actionable claims for compensatory, nominal or

---

² *But see* Plaintiff's Deposition of 10/4/19, at 141-142 (attacked before SATF committee, not after). These discrepancies may be relevant to credibility, but credibility is the province of the jury. *Soremekun v. Thrifty Payless Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

4

punitive damages—premised on violations of his Eighth Amendment rights, and not on any alleged mental or emotional injuries or distress—the claims are not barred by § 1997e(e).[3] Accordingly, Defendants' motion for summary judgment should be granted as to Plaintiff's damages claim for mental and emotional injuries or distress resulting from the alleged conduct of Peterson, Acebedo, and Pfeiffer.

**2. Defendant Peterson**

Defendants contend the magistrate judge's findings "did not consider or sufficiently examine the objective prong" of the relevant test, whether Plaintiff faced an objectively serious risk of harm of being injured by other inmates for transferring from SATF to HDSP. (Doc. 97 at 5-6.) Defendants argue there is no evidence Plaintiff faced any specific threat of harm, that Plaintiff admitted at his deposition that "he does not know who the other SATF inmates were, does not know those inmates' names, and cannot provide any physical description of those inmates." (*Id.* at 5.) Defendants contend Plaintiff's testimony that other SATF inmates knew he had reported being sexual assaulted was speculative and generalized, and that even if those inmates were aware, there is no evidence the inmates intended to do harm to Plaintiff as a result. (*Id.* at 5-6.)

The Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). When prison officials

---

[3] Plaintiff's first amended complaint states: "Plaintiff seeks monetary compensation for all of the acts described herein. Plaintiff will ask for a jury to issue compensatory, punitive and injunctive relief." (Doc. 13 at 19 [7/10/17].) At Plaintiff's deposition, the following exchange occurred:
    Q.    Have you had to pay any medical bills as a result of the psychological injuries you're claiming?
    A.    No
    Q.    Have you lost any wages as a result of the psychological injuries you're claiming?
    A.    No.
    Q.    Have you suffered any property damage as a result of the injuries that you're claiming?
    A.    No.
    Q.    Now, in this case, you're asking for $1 million in damages and $500,000 in punitive damages; is that right?
    A.    I actually don't remember.
    Q.    If this case were to go to trial, how much money would you be asking from the jury?
    A.    I don't think that money really matters. I think the judgment itself is what I would be seeking.
    Q.    So you would be fine if the jury awarded no monetary damages?
    A.    Just found that they were responsible for violating my civil rights, yes.
    Q.    Are you asking for any injunctive relief in this case against any of the defendants?
    A.    There have been some retaliatory acts carried out here at this institution that originated at Kern Valley, but they haven't continued; so, no, not at this time.
Plaintiff's Deposition of 10/4/19, at 143-144.

transfer an inmate who alleges that his well-being will be in jeopardy, their action constitutes an Eighth Amendment violation only if it can be shown that prison "officials acted with 'deliberate indifference' to the threat of serious harm or injury by another prisoner." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986) (citations omitted). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, to establish a violation, a prisoner must first satisfy an objective requirement—he must show that he has been transferred into "conditions posing a substantial risk of serious harm." *Id*. at 845. Then, he must satisfy a subjective requirement—he must show that the defendant was aware of the risk and disregarded the risk. *Id*. at 834, 837. The objective requirement is the subject of Defendants' objections.

While the magistrate judge's findings could have been structured to separate the discussions concerning the objective and subjective components of the claim more plainly, the Court does not agree the magistrate judge did not consider or "sufficiently examine" the objective prong. The findings state "a material dispute exists as to whether Defendant Peterson was aware that Plaintiff faced a serious risk of harm when viewed favorably to Plaintiff." (Doc. 92 at 28.) The magistrate judge's findings addressed both Plaintiff's testimony about what Peterson knew before Plaintiff's transfer from SATF to HDSP as well as Plaintiff's testimony relative to the SATF inmates that transferred along with Plaintiff from SATF to HDSP and the inmates' awareness of Plaintiff having reported assaults by other inmates. (*Id*. at 26-27.)

This Court's *de novo* review of the record reveals Plaintiff testified at his deposition that he made Peterson aware of the same information Plaintiff made Collins and Williams aware of—that he was being assaulted in his cell by his cellmates. *See* Transcript of Plaintiff's Deposition of 10/4/19, at 83-85.[4] Plaintiff further testified he was transferred to HDSP and placed "on a yard

---

[4] Plaintiff remembers "explaining to him the situation regarding [his] cellmates" and remembers "speaking to him about what took place at committee." Plaintiff's Deposition of 10/4/19, at 83-84. Plaintiff remembers informing Peterson that Plaintiff "had communicated [his] concerns and problems with all of the committee members in Ad Seg including the warden." *Id*. at 84. Plaintiff testified that he remembered Peterson "reiterating what the committee members told me - - Williams, Collins, and Hacker - - that if [he] reported the assaults [he] was going to be

6

with multiple inmates that were with [him] in Ad Seg at SATF, who were aware that [he] had reported assaults there at SATF." *See* Transcript of Plaintiff's Deposition of 10/4/19, at 95. He does not remember who they were or their names. *Id*. Asked if he remembered their physical descriptions, Plaintiff testified "I had no idea who they are." *Id*. The following colloquy then occurred:

> Q. Then how did you know that those inmates were aware of your reports?
>
> A. Because they - - I mean, you could hear conversations in Ad Seg, everybody there in Ad Seg was being transferred to another institution who was being transferred to the same institution that I was going to.
>
> Q. How many inmates were those?
>
> A. My best guess is maybe about 30 inmates.
>
> Q. So there were 30 inmates who were transferring from SATF to High Desert State Prison, who were aware of your reports?
>
> A. Thirty inmates just within my general area where I could hear their conversations, yes.
>
> Q. So then why was that a concern for you to be transferred with inmates who were aware of your reporting?
>
> A. Because that's one of the rules that I believe we discussed earlier. You're not to report anything to correctional staff. If you're assaulted by another inmate you're not supposed to report it to correctional staff, and that's why I was there because that's what I had done.
>
> Q. Your conversation with Peterson, do you remember if it was shortly before you went to High Desert State Prison or shortly after?
>
> A. The conversation was at SATF; so it would have had to have taken place before.

*Id.* at 95:23-96:25.

---

punished." *Id*. at 84. Peterson was aware that Plaintiff "was going to be punished" and Plaintiff should expect the punishment. *Id*. Asked specifically what his theory of liability was against Peterson, Plaintiff testified: "He was aware of what was taking place in my cell. I made him aware of what had been during the committee, and he made it very clear to me that I was going to be punished. That the threats issued by the committee were going to be carried out." *Id*. Peterson used the words "price to pay." *Id*. at 85. Asked whether he remembers telling Peterson the names of the cellmates who were attacking him, Plaintiff testified, "I don't remember if I did or didn't." *Id*. at 85. Plaintiff "may have told" Peterson that officers were putting in inmates who were attacking Plaintiff into his cell, but Plaintiff does not believe he "identified which officers were" doing so to Peterson. *Id*. Nor does he recall telling Peterson "about the dates the attacks were taking place." *Id*.

7

In Plaintiff's opposition to Defendants' motion, he argued the "Ad-Seg committee deemed the safety concerns localized to SATF" and contended "transferring plaintiff to another prison along with other inmates in Ad-Seg would allow those safety concerns to transfer with plaintiff. The Ad-Seg committee deemed the safety concerns localized to SATF, not because of the buildings there, or the ground, or air, but because of inmates who were aware of the situation. If plaintiff was transferred with these inmates plaintiff would be in danger and Peterson, Williams and Collins were aware of this." (Doc. 81 at 18-19.) Plaintiff's first amended complaint references the Ad Seg committee's finding "that the safety concerns were localized only to SATF and endorsed plaintiff for transfer[] to [HDSP]. The only problem with this transfer was that every one else in Ad-Seg (who was aware of plaintiff having reported in-cell assaults) was also put up for transfer to HDSP." (Doc. 13 at 8.)  The Court treats a prisoner's verified complaint as evidence at summary judgment. *Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004).

On this record, it is reasonable to infer from Plaintiff's complaint and deposition testimony that the inmates who transferred along with Plaintiff from SATF to HDSP posed a serious risk of harm to Plaintiff despite Plaintiff's inability to identify them and that Defendant Peterson was aware of the serious risk of harm posed to Plaintiff by those inmates. Therefore, there exists a genuine material dispute concerning Plaintiff's claim against Defendant Peterson. Defendants' objections are overruled on this ground.

**ORDER**

For the reasons set forth above,

1. The findings and recommendations issued September 8, 2022 (Doc. 92) are **ADOPTED in part** and **DECLINED to adopt in part** as described above.
2. Defendants' motion for summary judgment is **GRANTED in part**, as to Plaintiff's damages claim for mental and emotional injuries or distress resulting from Defendants Peterson, Acebedo, and Pfeiffer's alleged conduct.

///

///

3. Defendants' motion for summary judgment is **DENIED in part**, as to the remaining

8

claims.

IT IS SO ORDERED.

Dated: __**December 15, 2022**__        /s/ Jennifer L. Thurston
                                          UNITED STATES DISTRICT JUDGE